UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| SASHA M. JONES, | ) |
|---|---|
| Plaintiff, | ) |
| | ) CAUSE NO. 1:15-CV-293-JVB-SLC |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Sasha Jones seeks judicial review of the Acting Social Security Commissioner's decision denying her supplementary security income benefits. For the reasons set forth below, the Court affirms in part, vacates in part, and remands for further proceedings consistent with this opinion.

**A.     Overview of the Case**

Plaintiff received supplemental security income benefits as a child due to disability. In accordance with 42 U.S.C. § 1382c(a)(3)(H)(iii), her eligibility for benefits was redetermined under adult disability standards upon turning eighteen. This redetermination concluded Plaintiff was not disabled and thus ineligible for continued supplemental security income benefits. After a hearing before an Administrative Law Judge (ALJ), Plaintiff was again found not disabled. The Appeals Council denied her request for review, rendering the denial final agency action for purposes of judicial review. *See* 20 C.F.R. § 416.1481. Pursuant to 42 U.S.C. § 405(g), Plaintiff requests this Court to review the denial.

**B.     Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court must ensure that the ALJ has built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craft v. Astrue,* 539 F.3d 668, 673 (7th Cir. 2008).

**C.     Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue,* 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.     Analysis**

Plaintiff claims the ALJ erred in (1) considering limitations related to maintaining concentration, persistence, and pace; (2) determining that her back impairment was non-severe

or, alternatively, that he failed to properly consider her back limitations; and (3) failing to address her headaches whatsoever.

**(1)** *Concentration, Persistence, and Pace*

Plaintiff argues the ALJ failed to adequately address her moderate limitations in maintaining concentration, persistence, and pace. (Pl.'s Br. at 12.) The ALJ, Plaintiff contends, conceded the presence of such limitations in his decision but failed to incorporate this finding into the hypotheticals presented to the vocational expert and in Plaintiff's residual functional capacity (RFC) determination. *Id.* (citing R. at 21.)

Generally, a vocational expert testifying at a disability hearing must be oriented to the totality of the claimant's limitations. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). Limitations on concentration, persistence, and pace are among those which the vocational expert must consider. *Id.* "Concentration, persistence, and pace" are not "magic words," however; the ALJ is not required to use this specific phraseology in his hypotheticals. *See id.*

The ALJ here presented the vocational expert with three hypotheticals, which were ultimately consistent with the RFC determination. (R. at 21, 714–16.) The ALJ asked the following of the vocational expert:

> [1] I want you to assume, if you will, an individual 22 years of age with an 11th grade education and the past work history—and no prior work history. I want you to assume that that individual is limited to occupations which do not require working with the public, do not require more than superficial interrelationships with others. And further assume that the individual could not engage in complex or detailed tasks, but remain[s] capable of performing simple/routine tasks.
> With those limitations, would there be any jobs that individual could perform that exist in significant numbers in the national economy?
>
> . . . .
>
> [2] Assume an individual of the same age, education and past work experience who has—limited to work at the light exertional level, was limited to occupations that do not require more than occasional climbing, crouching,

crawling, kneeling and stooping and also had the same non-exertional restrictions as indicated in the first hypothetical.

With those limitations, would there be any jobs such an individual could perform?

. . . .

[3] Assume an individual of the same age, education, and past work experience who had limitations consistent with the testimony presented. With those limitations, would that individual be capable of any jobs that exist in significant numbers?

*Id.* The vocational expert testified that jobs existed in the national economy for the first two hypotheticals, but not for the third. *Id.*

The ALJ found Plaintiff capable of performing a full range of work at all exertional levels, with the following limitations: "no interaction with the public and only superficial interaction with coworkers and supervisors. The claimant is limited to simple repetitive tasks." (R. at 21.) In coming to these limitations, he cited medical evidence which noted Plaintiff was able to complete simple work-like activities with superficial interaction with coworkers and supervisors in a limited public interaction position. (R. at 21–23 (citing R. at 429, 623).) He incorporated these medical conclusions nearly-verbatim in the hypotheticals presented to the vocational expert. (R. 714–15.) The vocational expert testified jobs exist in the national economy which could be performed by an individual with those limitations. *Id.* This chain of reasoning, supported by substantial evidence, draws an accurate and logical bridge between the evidence and the ALJ's conclusion. The Commissioner's decision regarding Plaintiff's limitations on concentration, persistence, and pace is therefore affirmed.

**(2)** *Back Impairment*

Plaintiff asserts the ALJ improperly concluded her back impairment was non-severe. (Pl.'s Br. at 14–18.) In the alternative, if her back impairment was properly found non-severe, Plaintiff argues the ALJ failed to properly consider the non-severe impairment. *Id.*

An ALJ is required to determine whether a claimant has an impairment—or a combination of impairments—that is severe, meaning it significantly limits her physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520. In order to be considered a severe impairment, an impairment must be expected to last at least twelve months or to result in death. 20 C.F.R. §§ 404.1505, 1509.

Here, the ALJ properly found Plaintiff's back impairment was not severe. He cited substantial evidence supporting the conclusion that Plaintiff's back impairment did not significantly limit her ability to perform basic work activity and did not meet the twelve-month durational requirement. (R. at 19–20.) When the ALJ continued on to consider Plaintiff's RFC, however, he failed to address her back impairment at all. (R. at 21–23.)

When assessing a claimant's RFC, the ALJ must consider all medically-determinable impairments of which he is aware, including those which are non-severe. 20 C.F.R. § 404.1545 He must articulate, at some minimum level, his analysis of the evidence to allow a reviewing court to trace the path of his reasoning. *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). There is no indication in the decision why Plaintiff's alleged back impairment, while non-severe, was not incorporated into her RFC. This omission fails to draw a logical bridge between evidence and conclusion and, accordingly, constitutes error.

Standing alone, this error may nonetheless be harmless. Despite not incorporating Plaintiff's back impairment into the RFC, the ALJ presented the vocational expert with a hypothetical which incorporated an exertional limitation consistent with a back impairment. (R.

5

at 715) The vocational expert testified an individual with such limitations could perform light, unskilled jobs which exist in the national economy. *Id.* Determining the harmlessness of this error is ultimately unnecessary, however, because this case must be remanded on the issue of Plaintiff's headaches regardless.

On remand, therefore, the ALJ must incorporate Plaintiff's back impairment into her RFC determination. This Court cannot say whether doing so will actually change her RFC, but the ALJ must nevertheless address the impairment. He must draw an accurate and logical bridge between the evidence and his conclusion, whatever that may be.

**(3)** *Headaches*

Plaintiff points out, and the Commissioner concedes, that the ALJ wholly failed to mention Plaintiff's headaches in his opinion. Plaintiff asserts error on these grounds. Rather than arguing such omission did not constitute error, the Commissioner maintains the error was harmless.

An ALJ must consider impairments a claimant says she has, or about which the ALJ receives evidence. 20 C.F.R. § 404.1512; *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). An ALJ may not ignore an entire line of evidence. *Diaz*, 55 F.3d at 307. Yet, where there is no reason to believe correcting an error on remand would lead to a different result, an otherwise-reversible opinion may be sustained to prevent the fruitless expenditure of judicial resources. *See Fisher v. Bowen*, 869 F.3d 1055, 1057 (7th Cir. 1989). Just as the harmless error doctrine applies to appellate courts reviewing lower court decisions, so too does it apply to judicial review of administrative decisions. *Parker v. Astrue*, 597 F.3d 920, 924 (7th Cir. 2010).

Headaches make an appearance in several documents contained in the record. These include complaints to treating doctors (R. at 463.), prescription of medication (R. 461–62.), and administration of an occipital nerve block. (R. at 459.) Granted, it appears Plaintiff's headaches have improved somewhat over time. (*See, e.g.,* R. at 442, 450, 455.) This Court, however, cannot say that incorporating Plaintiff's headaches into a disability determination would have no effect on its result. Perhaps Plaintiff's headaches, in conjunction with her other impairments, will be sufficiently limiting to find her disabled. Perhaps a vocational expert will testify there are no jobs for an individual with Plaintiff's limitations, including her headaches. Perhaps her headaches have completely resolved and will not so much as impact her RFC. That is for the ALJ to determine on remand, by drawing an accurate and logical bridge between evidence and conclusion. What he may not do, however, is ignore the issue entirely.

**E.    Conclusion**

For the reasons stated above, the Court affirms the Commissioner's decision with respect to Plaintiff's limitations on maintaining concentration, persistence, and pace; vacates the Commissioner's decision with respect to Plaintiff's back issues and headaches; and remands for redetermination of Plaintiff's disability in a manner consistent with this opinion.

SO ORDERED on February 16, 2017.

       s/ Joseph S. Van Bokkelen
       JOSEPH S. VAN BOKKELEN
       UNITED STATES DISTRICT JUDGE